NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MICHAEL STRAUSS,                        )
                                        )
              Plaintiff,           )    Civ. No. 04-5128 (HAA)
                                        )
             -v-                  )    **OPINION & ORDER**
                                        )
ALAN TURTLETAUB and                     )
MARC TURTLETAUB,                        )
                                        )
             Defendants.          )
                                        )

Stephen L. Willis, Esq.
Law Offices of Stephen L. Willis, L.L.C.
1130 Hooper Avenue
Toms River, New Jersey 08753
*Attorneys for Plaintiff*

Jeffrey M. Garrod, Esq.
Orloff, Lowenbach, Stifelman & Siegel, P.C.
101 Eisenhower Parkway
Roseland, New Jersey 07068
*Attorneys for Defendants*

**ACKERMAN, Senior District Judge:**

       This matter comes before the Court on a motion by Defendants Alan and Marc Turtletaub to dismiss the Complaint filed by Plaintiff Michael Strauss in its entirety. For the reasons outlined below, the motion to dismiss Plaintiff's Complaint is GRANTED WITH PREJUDICE as to the First Count asserting claims against Alan Turtletaub, and GRANTED WITHOUT PREJUDICE as to the Second Count asserting claims against Marc Turtletaub.

*Background*

This action asserts claims relating to an alleged January 4, 1996 oral contract between Alan Turtletaub ("Turtletaub"), the founder of The Money Store, and plaintiff Michael Strauss ("Strauss"), Turtletaub's nephew and a former employee of The Money Store. In September 2004, Strauss filed a two-count Complaint asserting claims relating to the alleged oral agreement, under which Turtletaub "agreed to pay plaintiff one-half of [Turtletaub's] share of proceeds from the sale of The Money Store." (Compl. ¶ 3.) In return for this compensation, Strauss agreed to act as an advisor and confidant to Turtletaub, separate and apart from Strauss's duties as a loan officer. The Complaint alleges that in March 1998, The Money Store was sold to First Union Bank for the sum of $2.1 billion. Thereafter, Turtletaub suffered a stroke, and Turtletaub's son Marc Turtletaub ("Marc") became Turtletaub's attorney-in-fact through a Power of Attorney executed after Turtletaub's stroke in July 1998.

The First Count of the Complaint asserts a breach of contract claim against Turtletaub for breach of the alleged oral contract to pay Strauss half of Turtletaub's share of the proceeds from the March 1998 sale of The Money Store. Plaintiff claims damages of $300 million stemming from this breach of contract. The Second Count of the Complaint asserts a claim against Marc for tortious interference with contract. The Second Count alleges that Marc, who became Turtletaub's attorney-in-fact, 1) was "fully aware" of the oral contract between Strauss and Turtletaub (Compl. ¶ 5); 2) "willfully failed to honor the terms of the agreement" (Compl. ¶ 6); and 3) "wrongfully instructed . . . Turtletaub to refuse to perform the oral contract" (Compl. ¶ 7). Plaintiff claims damages of $300 million in connection with Marc's alleged tortious interference with the oral contract.

Defendants filed a motion to dismiss the Complaint in its entirety, asserting that the First Count of the two-count Complaint is subject to dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and the Second Count is subject to dismissal under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction over Marc. Specifically, Defendants argue that: 1) the breach of contract claim is barred by the applicable statute of limitations; 2) the tortious interference claim fails as a matter of law because Marc, as attorney-in-fact for his father, is an agent of Turtletaub and therefore cannot be liable for tortious interference with his principal's contract; and 3) the tortious interference claim against Marc must be dismissed because this Court lacks jurisdiction over Marc, a longtime resident of California with no contacts to this forum.

Strauss argues in opposition that the breach of contract claim accrued in 2002, and thus is not time barred. Strauss asserts that this Court has personal jurisdiction over Marc because Marc was CEO of The Money Store, which did business in New Jersey, and thus Marc has sufficient contacts with New Jersey to justify this Court's exercise of personal jurisdiction over Marc. Strauss also argues that, to the extent that the Complaint is deemed deficient, he should be entitled to an opportunity to replead his claims.

*Analysis*

**I.      Strauss's Breach of Contract Claim Is Barred by the Statute of Limitations**

The Defendants assert that the First Count of the Complaint, containing Strauss's breach of contract claim, is subject to dismissal under Rule 12(b)(6) due to the bar of New Jersey's six-year statute of limitations for property actions. *See* N.J.S.A. 2A:14-1 (providing six-year period

from accrual of claim for breach of contract to file suit).  A court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim where it appears beyond doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  When considering a motion to dismiss under Rule 12(b)(6), the reviewing court must construe the complaint liberally: the court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff.  *Univ. of Md. v. Peat, Marwick, Main & Co.*, 996 F.2d 1534, 1537-38 (3d Cir. 1993).

"A court may dismiss a complaint for failure to state a claim, based on a time-bar, where 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'"  *Bieregu v. Ashcroft*, 259 F. Supp. 2d 342, 355 n.11 (D.N.J. 2003) (quoting *Bethel v. Jendoco Constr. Co.*, 570 F.2d 1168, 1174 (3d Cir. 1978)).  The Court looks to the allegations of the Complaint when reviewing the Complaint for dismissal on statute of limitations grounds: "When reviewing a Rule 12(b)(6) dismissal on statute of limitations grounds, we must determine whether the time alleged *in the statement of a claim* shows that the cause of action has not been brought within the statute of limitations."  *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989) (emphasis in original).

The Complaint states that the oral contract at issue was created on January 4, 1996, and provided that Turtletaub "agreed to pay Plaintiff one-half of [Turtletaub's] share of the proceeds from the sale of The Money Store." (Compl. ¶ 3.)  The Complaint further specifies that The Money Store was sold in March 1998.  (*Id.* ¶ 9.)  The statement of the claim in the Complaint indicates that Turtletaub's alleged promise to pay Strauss under the 1996 oral agreement did not

4

result in an immediate obligation to pay Strauss. Rather, the contract described in the Complaint was contingent upon the triggering event of the sale of The Money Store. When a contract is conditional upon the occurrence of a future event, the statute of limitations begins to run when the future event occurs. *Bolender v. Farm Bureau Mut. Ins. Co.*, 474 F.2d 1360, 1363 (3d Cir. 1973) ("If the contract is conditional, the statute runs from the time the condition is performed or exists."); *see also, e.g., Cooper v. Colson*, 66 N.J. Eq. 328, 333 (E&A 1904) (recognizing that in case of conditional contract to bequeath property, cause of action is triggered by death of promisor, and thus statute of limitations runs from date of death of promisor, not date of formation of alleged oral contract); *Stone v. Todd*, 49 N.J.L. 274, 282 (Sup. Ct. 1877) (same).

New Jersey courts have recognized that in determining when a cause of action accrues, the critical issue is determining when the party seeking to bring the action first had an enforceable right. *G&L Assocs., Inc. v. 434 Lincoln Ave. Assocs.*, 318 N.J. Super. 355, 359 (App. Div. 1999) (citing *Metromedia Co. v. Hartz Mountain Assocs.*, 139 N.J. 532, 535 (1995)); *see also Holmin v. TRW, Inc.*, 330 N.J. Super. 30, 35 (App. Div. 2000) (noting that the date when a cause of action accrues is "the date upon which the right to institute and maintain suit *first* arises") (emphasis added). Applying this analysis to the oral agreement alleged in the Complaint compels a conclusion that Strauss had an enforceable right to payment immediately after the sale of The Money Store in March 1998. Strauss's enforceable right to payment arose at that time because it was then that the amount of Turtletaub's proceeds from the sale – and consequently the amount of Turtletaub's alleged obligation to Strauss – became ascertainable and payable.[1]

---

[1] Even if this Court were to analyze the alleged oral agreement as requiring a demand for payment and subsequent refusal in order to establish breach of the contract and start the running of the statute of limitations, Strauss's claim would still fail as a matter of law, because Strauss has not alleged that any demand for payment was ever made prior to the filing of the Complaint.

Thus Strauss's breach of contract action accrued immediately after the sale of The Money Store, which the Complaint specifies occurred in March 1998. Accordingly, the applicable six-year limitations period ended some time in March 2004. Strauss's complaint for breach of contract against Turtletaub was filed in September 2004, six months after the limitation period expired. Strauss's breach of contract claim is therefore subject to dismissal on statute of limitations grounds.

Strauss argues that if his contract claim is deemed vulnerable to dismissal on statute of limitations grounds, he should receive an opportunity to replead his claim. While this court is obligated to provide a plaintiff with an opportunity to replead when a complaint is deficient, *see Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000), an opportunity to amend need not be granted where the proposed amendment would be futile. *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004) ("Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility."). The Third Circuit has recognized that futility precludes amendment "if the amendment will not cure the deficiency in the original complaint, or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) (citing *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983)). Nevertheless, "it is not only within the power, but it is a duty, of a federal court to consider on the merits a proposed

---

Thus, if the Court were to imply a contract term requiring demand and refusal before Strauss had an enforceable right to sue, then the breach of contract claim would be dismissed for failure to allege the satisfaction of the condition precedent of demand and refusal. *See Allstate Redev. Corp. v. Summit Assocs.*, 206 N.J. Super. 318, 322-323 (App. Div. 1985) ("Generally, no liability can arise on a promise subject to a condition precedent until the condition is met.") (quoting *Duff v. Trenton Beverage Co.*, 4 N.J. 595, 604 (1950)).

amendment of a defective allegation once the court's attention is called to the defect." *Kiser v. Gen. Elec. Corp.*, 831 F.2d 423, 427 (3d Cir. 1987).

Strauss seeks an opportunity to amend to "include the facts contained in his verification" submitted in opposition to the instant motion. (Pl.'s Br. Opp'n Mot. Dismiss 8.) Strauss asserts in his Verification and argues in his opposition papers that his cause of action for breach of contract accrued only upon his last day of work for The Money Store in 2000, because it was not until then that he realized he would not get paid; until then he "reasonably expected to receive the money [Turtletaub] promised me in my severance check on my last day of work in June, 2000." (Strauss Verif. ¶ 7.)

Any such amendment to include these facts would be futile, however, because these additional facts do not change the analysis of the date of accrual of Strauss's cause of action for breach of contract. The accrual of a breach of contract claim is not measured from the date of a plaintiff's subjective recognition that he is not going to be paid, but rather from the date that a plaintiff has an "enforceable right" to payment. *See G&L Assocs., Inc.*, 318 N.J. Super. at 359. Strauss's own verification confirms that Strauss himself recognized a right to receive payment "immediately after the sale" of The Money Store, pursuant to the alleged oral agreement. (Verif. of Michael Strauss ¶ 5 (acknowledging that, upon visiting Turtletaub "after his stroke in 1998 and [finding] him to be very sick . . . . I did not think it appropriate to *ask him for my money when he was convalescing*") (emphasis added); *id.* ¶ 6 (acknowledging that, because of Turtletaub's stroke in July 1998 "it is easy to understand why I did not get paid *immediately after the sale*") (emphasis added); *id.* ¶ 9 (describing oral agreement as Turtletaub's "promise to *pay me following the sale of the company*") (emphasis added)). These statements reveal that, despite

Strauss's hesitancy to ask his convalescing uncle for payment, Strauss nevertheless believed he had a right to ask for payment "immediately after the sale" of The Money Store. (*Id.* ¶¶ 5, 6.) In light of the foregoing, Strauss's proposed amendment of the breach of contract claim would be futile, as the proposed additional facts would serve only to reinforce the conclusion as a matter of law that Strauss had an enforceable right to payment "immediately after the sale" of The Money Store. (*Id.* ¶ 6.) Accordingly, Strauss is not entitled to an opportunity to replead his claim for breach of the oral contract, and the First Count of the Complaint is subject to dismissal with prejudice as barred by the statute of limitations.

**II.     Strauss's Tortious Interference Claim Fails for Lack of Personal Jurisdiction over Marc Turtletaub**

Defendants seek dismissal of the Second Count of the Complaint, which asserts a tortious interference claim against Marc, on the ground that this Court lacks personal jurisdiction over Marc. Marc has submitted a verification indicating that he has resided in California for the past 15 years. He asserts that he owns no real estate in New Jersey, conducts no business in New Jersey, and is not a resident of New Jersey. Marc also asserts that when he was CEO of The Money Store, including the time up to the sale of The Money Store in 1998, he worked out of offices in California.

As noted by Defendants, the question of personal jurisdiction is controlled by New Jersey law, as the law of the state of the forum. *See Pennzoil Prods. Co. v. Colelli & Assocs., Inc.*, 149 F.3d 197, 200 (3d Cir. 1998) (noting that jurisdiction over nonresident defendants in diversity cases is determined by the law of the forum state). Upon a challenge to personal jurisdiction over a nonresident defendant, "'the plaintiff bears the burden of demonstrating that the defendant's contacts with the forum state are sufficient to confer personal jurisdiction on the court.'" *Jacobs*

*v. Walt Disney World Co.*, 309 N.J. Super. 443, 454 (App. Div. 1998) (quoting *Giangola v. Walt Disney World Co.*, 753 F.Supp. 148, 154 (D.N.J. 1990)).  Moreover, as a matter of procedure, once the defense of lack of personal jurisdiction has been raised, "the plaintiff must sustain its burden of proof . . . through sworn affidavits or other competent evidence.  At no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of *in personam* jurisdiction."  *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 (3d Cir. 1984).

In response to this challenge to personal jurisdiction, Strauss has not submitted any affidavits offering jurisdictional facts to sustain its burden of proof.  Rather, Strauss's counsel has simply argued in opposition that Marc is subject to personal jurisdiction in this Court because until the sale of The Money Store in 1998, Marc was CEO of The Money Store, which company did business in New Jersey.

This argument fails, however, because Strauss has not articulated any facts linking Marc to New Jersey in his personal capacity.  Marc's status as CEO of The Money Store has nothing to do with the allegations that, in his role as attorney-in-fact for his father, Marc somehow prevented Strauss from receiving monies promised by Turtletaub personally.  Turtletaub's alleged agreement to pay Strauss was not an obligation of The Money Store.  Thus Strauss fails to offer facts that tie Marc's alleged liability for tortious interference with the operations of The Money Store.

As noted by Defendants, "[a] plaintiff cannot predicate jurisdiction over an individual based solely upon the acts of a corporation, particularly where those acts have nothing to do with the claim being asserted."  (Defs.' Reply Br. Supp. Mot. Dismiss 8-9.)  *See Nicholas v. Saul*

*Stone & Co.*, 224 F.3d 179, 184 (3d Cir. 2000) (affirming district court's finding that "jurisdiction over the defendants does not exist simply because they are agents or employees of organizations which presumably are amenable to jurisdiction in this Court" and citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984) ("[J]urisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him . . . . Each defendant's contacts with the forum state must be assessed individually.")).

In sum, in response to Defendants' challenge to personal jurisdiction over Marc, Strauss has failed to carry his burden to demonstrate that Marc had sufficient personal contacts with New Jersey to justify this Court's invocation of personal jurisdiction over Marc. Accordingly, the Second Count of Strauss's Complaint must be dismissed for lack of personal jurisdiction over Marc. Because the Second Count of the Complaint is subject to dismissal on this basis, this Court need not address Defendant's motion to dismiss the Second Count under Rule 12(b)(6).

### *Conclusion*

For the foregoing reasons, it is hereby ORDERED on this 13th day of January 2006 that Defendants' motion to dismiss the Complaint in its entirety is GRANTED. It is FURTHER ORDERED that the dismissal of the First Count of the Complaint, alleging claims against Alan Turtletaub shall be WITH PREJUDICE. It is FURTHER ORDERED that the dismissal of the Second Count of the Complaint, alleging claims against Marc Turtletaub, shall be WITHOUT PREJUDICE to reassertion of such claims in another forum.


Newark, New Jersey
Dated: January 13, 2006                                              s/ Harold A. Ackerman, U.S.D.J.